CITIZENS BANK AND TRUST COMPA-
NY OF PADUCAH, Movant,

v.

Charles R. COLLINS, Respondent.

No. 87–SC–932–DG.

Supreme Court of Kentucky.

Oct. 27, 1988.

As Modified on Denial of Rehearing
Jan. 19, 1989.

Stephen E. Smith, Jr., McMurry & Liv-
ingston, Paducah, for movant.

Joseph S. Freeland, Freeland & Megi-
bow, Paducah, for respondent.

STEPHENS, Chief Justice.

The issue we decide is whether the pres-
ence of real estate in the Commonwealth,
not related to the subject matter of the
litigation, constitutes sufficient contact
with the forum so as to justify a lien on
that property to enforce a judgment in a
*quasi in rem* action. We answer that
question in the negative, and affirm the
Court of Appeals.

Movant (hereinafter referred to as
Bank), filed a complaint on May 31, 1984
against respondent Collins in the McCrack-
en Circuit Court. It was alleged that Col-
lins was indebted to the Bank in the
amount of $13,729.81, plus interest and
costs. The basis of the complaint was a
promissory note dated June 17, 1973. With
the complaint, the Bank moved for an at-
tachment against Collins' real estate in
McCracken County. It is uncontroverted
that the real estate was not surety for the
loan and was totally unrelated to the sub-
ject matter of the complaint.

A demand notice was filed on Collins by
certified mail, pursuant to KRS 425.301.
Following service by a warning order attor-
ney, the trial court issued the requested
order of attachment on August 22, 1984.
Nearly two years later, the trial court en-
tered judgment on the Bank's motion for
an "in rem default judgment." The basis
of the motion was fourfold: (1) alleged
constructive service on Collins; (2) appoint-
ment of an action by a warning order attor-
ney; (3) no response by Collins, and (4) the
order of attachment on Collins' real estate.
On July 25, 1986, the trial court entered a
"Judgment in Rem," granting the amount
sought in the complaint, plus interest, costs
and a lien on Collins' property to enforce
the terms of the judgment. On September
24, 1986, Collins made a special appearance
seeking vacation of the judgment under CR

60.02. The trial court denied the motion and Collins appealed.

The Court of Appeals reversed the circuit court and vacated the "in rem" judgment. The basis of the opinion was that there were not sufficient contacts for assertion of "in rem" jurisdiction over Collins' property when said assertion was based solely on the presence, within this state, of real property which is not the subject matter of the litigation, and not in any way related to the underlying cause of action. The court relied on the case of *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). We agree.

In considering the case at bar, it is essential to note several facts. First, the trial court could not exercise personal jurisdiction over the non-resident defendant because the Bank did not attempt to invoke the Kentucky "Long Arm" statute, KRS 454.210, because they did not have an address for Collins. Next, notwithstanding the style of its judgment, the court did not have traditional *in rem* jurisdiction over the attached real estate, as it was not related to the subject matter of the litigation. Jurisdiction based on the presence in the forum of property unrelated to the claim could more properly be characterized as *quasi in rem*. *See Hanson v. Denckla*, 357 U.S. 235, 246 n. 12, 78 S.Ct. 1228, 1235 n. 12, 2 L.Ed.2d 1283 (1958). Last, there was no allegation in the complaint or evidence in the record that the promissory note in question was even executed in Kentucky. As the following discussion makes clear, the legitimacy of *quasi in rem* jurisdiction rests on sufficient contacts, which were not satisfied in the present case.

In *Shaffer*, the U.S. Supreme Court held that a Delaware state court could not assert *quasi in rem* jurisdiction by sequestering defendant's share of stock in a Delaware corporation when the defendant did not have minimum contacts with the state and the plaintiff's cause of action was not related to any acts occurring within the state. The Court reversed the decision of the Delaware court, finding that since the state could not constitutionally exercise *in personam* jurisdiction over the defendants, the state was also constitutionally barred from exercising *quasi in rem* jurisdiction over them.[1] Delineating the different types of jurisdiction and effects which flow from them under its landmark decision in *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1878), the Court said,

> "If a court's jurisdiction is based on its authority over the defendant's person, the action and judgment are denominated *"in personam"* and can impose a personal obligation on the defendant in favor of the plaintiff. If jurisdiction is based on the court's power over property within its territory, the action is called *"in rem"* or *"quasi in rem." The effect of a judgment in such a case is limited to the property that supports jurisdiction* and does not impose a personal liability on the property owner, since he is not before the Court."

*Shaffer*, 433 U.S. at 199, 97 S.Ct. at 2577 (emphasis added). It went on to say, however, that "the law of state-court jurisdiction no longer stands securely on the foundation established in *Pennoyer*." *Id.* at 206, 97 S.Ct. at 2581. Because jurisdiction over a thing is truly " 'jurisdiction over the interests of persons in a thing,' ... in order to justify an exercise of jurisdiction *in rem*, the basis for jurisdiction must be sufficient to justify exercising 'jurisdiction over the interests of persons in a thing.' " *Id.* at 207, 97 S.Ct. at 2581.

The Court then invoked the "minimum contact" principles of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), as the relevant test for determining the constitutionality of incidents of *quasi in rem* jurisdiction, thus placing the issues squarely on a due process of law standard. Commenting on the facts of that case, the Court said:

> "Thus, the inquiry into the State's jurisdiction over a foreign corporation approximately focused not on whether the cor-

---

**1.** For two excellent analyses of the problems involved in this case, see Leathers, *Substantive Due Process Controls of Quasi In Rem Jurisdic-* tion, 66 Ky.L.J. 2 (1977); Leathers, *Rethinking Jurisdiction and Notice in Kentucky*, 71 K.L.J. 755 (1983).

poration was 'present' but on whether there have been 'such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there.'"

*Shaffer,* 433 U.S. at 203, 97 S.Ct. at 2579 (reference omitted). In a statement relevant to the facts in the case before us the Court had this to say:

"Well-reasoned lower court opinions have questioned the proposition that the presence of property in a State gives that State jurisdiction to adjudicate rights of property regardless of the relationship of the underlying dispute and the property owner to the forum."

*Id.* at 205, 97 S.Ct. at 2580. Finally, in language dispositive of the case at bar, the Court said:

"Thus, although the presence of the defendant's property in a State might suggest the existence of other ties among the defendant, the State and the litigation, *the presence of the property alone would not support the State's jurisdiction.*"

*Id.* at 209, 97 S.Ct. at 2582 (emphasis added).

■ When one juxtaposes the facts in this case with the decision in *Shaffer,* and the due process-oriented minimum contacts requirement of *International Shoe,* it is clear that the Kentucky courts had no jurisdiction over the real property of Collins in this action. There are *no* forum contacts alleged or proven, other than a note signed in favor of the Bank and the presence of the unrelated real estate. *See also Rush v. Savchuk,* 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980); 4 C. Wright & A. Miller, *Federal Practice and Procedure,* Section 1070, et seq. (1987).

The decision of the Court of Appeals is affirmed.

GANT, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents in a separate dissenting opinion in which LAMBERT, J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

With all due respect I am convinced that the Majority Opinion is premised on a fundamental misunderstanding of the nature of *quasi in rem* jurisdiction. As explained in Black's Law Dictionary, 5th Ed.1979, p. 767:

"Jurisdiction quasi in rem. The power of a court over the defendant's interest in property, real or personal, within the geographical limits of the court. The court's judgment or decree binds only the defendant's interest and not the whole world as in the case of jurisdiction in rem. The original cause of action is not merged in the judgment as in the case of a judgment predicated on personal jurisdiction."

Citizens Bank did not have personal jurisdiction over the defendant in this law suit, and could not get a judgment *in personam* against him. It does not claim otherwise. But *quasi in rem* jurisdiction stands on different footing.

This was a case where the Long Arm statute would have been appropriate had there been an address. It follows that if the defendant had sufficient contacts within the forum to justify asserting *in personam* jurisdiction through the Long Arm statute, there were sufficient contacts to justify a lien on property to proceed by *quasi in rem* action.

There is no question but that the United States Supreme Court, through *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) and *Rush v. Savchuk,* 444 U.S. 320, 328, 100 S.Ct. 571, 577, 62 L.Ed.2d 516, 525 (1980), has imposed a due process limitation on asserting *quasi in rem* jurisdiction. However, these cases do not hold that the property before the court must be the subject matter of the action before the court can assert *quasi in rem* jurisdiction. On the contrary, carefully analyzed, all they hold is that the due process minimum contact standard requires that

**414**

the property before the court involve more than merely a tenuous legal fiction; the United States Supreme Court will not countenance "construct[ing] an ingenious jurisdictional theory to permit a State to command a defendant to appear in its courts on the basis of this factor alone." *Rush v. Savchuk*, 444 U.S. at 328, 100 S.Ct. at 577.

*Shaffer v. Heitner* was a shareholder's derivative action. The United States Supreme Court held that defendants' ownership of stock in a Delaware corporation, standing alone, is not sufficient to sue them in Delaware where the cause of action occurred elsewhere. In *Rush v. Savchuk*, the United States Supreme Court held that jurisdiction over the defendant's liability insurer, standing alone, was insufficient to justify maintaining a law suit in Minnesota involving an auto accident that occurred in Indiana. Neither of these cases are factually similar to the present case where the defendant owns property within the jurisdiction which has been attached to satisfy the judgment.

*Shaffer* modified *quasi in rem* jurisdiction only to the extent of requiring minimum contacts within the jurisdiction as a prerequisite. Surely minimum contacts are established here by (1) borrowing money from a local bank as evidenced by the note sued upon and (2) stating a local post office address on the note. These contacts would have been ample to sustain *in personam* jurisdiction via the Long Arm statute, had the Bank been able to locate the whereabouts of the defendant in order to notify him as the statute requires.

In fact, for a limited purpose of asserting *quasi in rem* jurisdiction to the extent of the value of real estate seized within this jurisdiction, the presence of the property in and of itself is sufficient to satisfy the requirements of due process.

The present decision will unduly interfere with commercial transactions within this State, and it will limit jurisdiction for Kentucky citizens seeking to recover judgments against nonresidents in situations where our sister states will not reciprocate. It is reasonably certain other states will extend jurisdiction against Kentucky citizens when the situation is reversed.

Foreseeably, it will impair the jurisdiction of Kentucky courts to enforce payment of past due maintenance and child support in some domestic relations cases where the defendant's property can be attached, or his wages garnisheed, but jurisdiction *in personam* is lacking.

This case goes far beyond the limitations imposed on *quasi in rem* jurisdiction by *Shaffer v. Heitner*. I am concerned about its long-range adverse consequences to Kentucky residents.

LAMBERT, J., joins in this dissent.